UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:06-cr-0183-SEB-DML-1 |
| | ) | |
| ANTHONY HAMPTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On October 28, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 8, 2015 and a supplemental petition filed on October 20, 2015.  Defendant Hampton appeared in person with his appointed counsel, Joseph Cleary.  The government appeared by Matthew Rinka, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Hampton of his rights and provided him with a copy of the petition.  Defendant Hampton waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Hampton admitted violations 1, 2, 3, and 4.  [Docket Nos. 4 and 8.]

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation
Number**          **Nature of Noncompliance**

1      **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

The offender has a history of failing to reports as directed and being unable to locate in a timely fashion. The following are just a few examples: On February 24, 2015, this officer left a voice mail message directing the offender to report.  He called back on February 25, stating his cell phone broke and he did not get the message.  On April 21, 2015, this officer attempted a home exam, could not locate the offender, and left a note at his home to report to the probation office that same date and call immediately. Three days later, on April 24, 2015, the offender contacted the probation officer and stated he does not check his voicemail and he had been staying with girlfriends and had not gotten the note left at his home.  On July 9, 2015, this officer attempted a home exam and could not locate the offender, and left a note on his apartment door and left a voice mail message that he was to contact the officer and report immediately.  Three days later, on July 12, 2015, the offender called and reported he just arrived home after staying with girlfriends, found the note left for him and that he lost his cell phone. When these issues are addressed with the offender, he frequently responds that he is not required to stay at home and wait for the probation officer.  He has been advised that he should be staying at his residence on a regular basis and be available by telephone for contact from the probation officer.

2      **"The defendant shall refrain from any unlawful use of a controlled substance."**

The offender submitted three urine screens which have tested positive for cocaine to produce the first two positive screens, but he adamantly denies that he used cocaine to produce the third positive screen.  The September 28, 2015 screen was sent to a secondary laboratory for verification and confirmed positive for cocaine on October 7, 2015.

3      **"The defendant shall not participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month.  The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program.  The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his/her ability to pay."**

The offender has failed to appear for two random urine screens on September 6, 2014, and on September 2, 2015.  He submitted two dilute urine screens on December 22, 2014, and July 2, 2015.
After the offender's first two positive screens were reported to the Court, a drug treatment condition was requested as a modification, with the

offender's signed waiver, which the Court ordered.  The offender has been participating in group treatment at Indianapolis Counseling Center. According to his counselor, he is resistant to treatment and has minimal participation in groups.  The counselor recommends a more intensive treatment protocol, intensive outpatient treatment.  The offender has failed to pay any money toward his substance abuse co-pay fee of $150.

4        **"The defendant shall refrain from any unlawful use of a controlled substance."**

Since the last petition was filed, the offender submitted a fourth positive urine screen for cocaine on October 12, 2015.  He denied using cocaine to produce this positive screen.

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade B violation.

(b)    Defendant's criminal history category is VI.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

5.    The parties jointly recommended eighteen (18) months in the Federal Bureau of Prisons with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months, followed by no supervised release to follow.  The Court will recommend placement at FCI Terre Haute.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.


Dated:  11/04/2015

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana




Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal

5